UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILAND,<br><br>        Plaintiff,<br><br>    v.<br><br>MARKWORT SPOERTING GOODS COMPANY, et. al.,<br><br>        Defendant. | Case No. 16-cv-01782-WHO<br><br>**ORDER REGARDING EXPERT WITNESSES**<br><br>Re: Dkt. No. 55 |

The parties have filed a joint discovery dispute letter concerning the defendants' rebuttal experts. Plaintiff's request to exclude them or alternatively set a hearing and shortened briefing schedule on the same subject is denied.

Initially, plaintiff disclosed eight experts on May 29, 2018 while defendants disclosed three. Defendants represent that to cover the opinions of plaintiff's experts that defendants' experts had not addressed, they identified an additional six rebuttal experts. Plaintiff seeks to strike them for failing to submit a written report and/or not being a proper rebuttal witness because, among other reasons, the opinions should have been anticipated and their reports fail to respond to plaintiff's expert's opinions or are nonexistent.

At this juncture, I will not preclude any of the experts from testifying. Defendants offer sufficient reasons for disclosing the experts and how the opinions they intend to rebut. They represent that the experts were not contacted until after the initial disclosures were made, indicating that they were not gaming the time of disclosure. Two of the six rebuttal experts helped prepare the report of another expert, and presumably will not need to testify unless it is necessary to do so in order to provide a basis for the opinions in the report.

1    To the extent some of the opinions should have been anticipated, plaintiff identifies no
prejudice other than the cost and time required to prepare for and take the depositions. In this
regard, if any *Daubert* motion is granted on the basis of an expert's redundancy, I will consider
reimbursing the deposing party for fees and costs related to deposition. Further, I remind the
parties that in federal court, expert reports need to be complete. *See* Fed. R. Civ. P 26 (a)(2). As
set at the last case management conference, *Daubert* motions should be filed by August 20, 2018,
with oppositions and replies filed as ordered. *See* Dkt. No. 53. They will be heard at the Pretrial
Conference on September 24, 2018.

**IT IS SO ORDERED.**

Dated: July 17, 2018

William H. Orrick
United States District Judge